UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re.<br><br>VINCENT ROSENBALM,<br><br>Plaintiff.<br><br>_____/ | No. C 08-2333 SI (pr)<br>No. C 08-3125 SI (pr)<br>No. C 08-3126 SI (pr)<br>No. C 08-3127 SI (pr)<br>No. C 08-3128 SI (pr)<br>No. C 08-3211 SI (pr)<br>No. C 08-3213 SI (pr)<br>No. C 08-3214 SI (pr)<br><br>**ORDER DENYING PAUPER STATUS AND FOR FILING FEES** |

A prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Vincent Rosenbalm is subject to the filing restriction on frequent filing prisoners in 28 U.S.C. § 1915(g) because he is a prisoner and has suffered four prior dismissals that counted under § 1915(g). See Order Of Dismissal filed May 8, 2008, in In re. Rosenbalm, N. D. Cal. Case Nos. C 08-279 SI, C 08-751 SI, C 08-952 SI, C 08-1360 SI, C 08-1474 SI, C 08-1503 SI, C 08-1504 SI, and C 08-1603 SI. Having determined so recently that Rosenbalm has four prior dismissals covered by § 1915(g), there is no need to redetermine the question in the eight newest civil actions he has filed.

This order addresses eight new civil actions filed by Rosenbalm. The court has reviewed the complaints in these eight actions and determines that none of them come within the imminent

1  danger exception in § 1915(g).  (The orders for his involuntary medication and mental hospital
2  placement to which he refers do not bring him within the imminent danger exception and are
3  discussed in the order of dismissal in Rosenbalm v. Foulk, Case No. C 07-4197 SI.)  Section
4  1915(g) precludes him from proceeding as a pauper in the four new civil actions  The in forma
5  pauperis applications therefore are DENIED in Case No. C 08-2333 SI, Case No. C 08-3125 SI,
6  Case No. C 08-3126 SI, Case No. C 08-3127 SI, Case No. C 08-3128 SI, Case No. C 08-3211
7  SI, Case No. C 08-3213 SI, and Case No. C 08-3214.  Rosenbalm must pay the full filing fee of
8  $350.00 in each of these actions no later than **August 15, 2008**.  Failure to pay the filing fees by
9  the deadline will result in the dismissal of each case in which the full filing fee has not been paid.

11  Finally, the court notes that several of the complaints mention, among other things,
12  problems in the criminal case pending against Rosenbalm.  To the extent Rosenbalm wants to
13  challenge the fact or duration of his confinement, such claims may be asserted only in a petition
14  for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).   (The habeas
15  relief available to Rosenbalm was explained in much greater detail in the April 3, 2008 order of
16  dismissal in Rosenbalm's habeas action, Rosenbalm v. Foulk, C 07-4197 SI.)

17  IT IS SO ORDERED.
18  Dated: July 15, 2008

SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROSENBALM,

    Plaintiff,

v.

GLENN STARK et al,

    Defendant.
_____/

Case Number: CV08-02333 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent Lee Rosenbalm #83912
Napa State Hospital
2100 Napa Vallejo Highway
Napa, CA 94558

Dated: July 15, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk